# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLI HAMMOND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-245-D ) |
| LYNDON SOUTHERN INSURANCE COMPANY and JUPITER MANAGING GENERAL AGENCY, INC., | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

Three discovery motions are fully briefed and pending before the Court; they were the subjects of an in-chambers conference of counsel and a hearing held September 24, 2019. The parties were successful in resolving some issues by mutual agreement, as stated on the record at the hearing. The remaining issues were argued and submitted for decision. After careful consideration, the Court rules as follows:

1. **Defendants' Motion to Quash Deposition Subpoena Duces Tecum** [Doc. No. 16], filed pursuant to Fed. R. Civ. P. 45(d)(3)(iii) and Fed. R. Civ. P. 26(c).

Defendants assert claims of attorney-client privilege and work-product protection to prohibit the disclosure of records by one of their attorneys, Gary D. Hammond. "The party seeking to assert a privilege has the burden of establishing its applicability." *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995); *accord In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010). In this diversity case, the claim of attorney-client privilege is governed by Oklahoma law. *See Seneca Ins. Co. v. W. Claims,*

*Inc.*, 774 F.3d 1272, 1275 (10th Cir. 2014); Fed. R. Evid. 501. Oklahoma has codified its rules regarding this privilege, which protects "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Okla. Stat. tit. 12, § 2502(B). Defendants' claim to protect their attorney's work product is governed by Fed. R. Civ. P. 26(b)(3).[1]

Upon consideration of the issues presented by the Motion and the parties' arguments, the Court finds that Plaintiff is not entitled to discover the requested documents. Mr. Hammond was engaged to advise Defendants regarding a bankruptcy case that Plaintiff filed while this lawsuit was pending in state court. Plaintiff seeks to obtain records of communications between Mr. Hammond and his clients or co-counsel regarding this litigation or Plaintiff's bankruptcy case; any notes he made about the cases; and his time records, billing statements, or records of compensation received for the representation.[2] Oklahoma law plainly protects Mr. Hammond's communications with his clients and co-counsel regarding the representation. *See* Okla. Stat. tit. 12, § 2502(B)(1), (5). Federal law protects his case-related notes and materials unless Plaintiff can show a substantial need for them. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii); *see also Frontier*, 136 F.3d at 703

---

[1] Defendants also cite state law authorities, but in all federal cases, work product is governed by Rule 26(b)(3). *See Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998) ("Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3).") (internal quotation omitted).

[2] Plaintiff also requests correspondence with the bankruptcy trustee, Douglas Gould. *See* Pl.'s Notice of Subpoena Duces Tecum, Ex. 1 [Doc. No. 13-1] at 6, topic 3 (ECF page numbering). Although these documents would not be protected, Mr. Hammond testified during his deposition that he only communicated with Mr. Gould by telephone. *See* Hammond Dep. 100:8-18. Thus, there are no responsive documents to be produced.

(Rule 26(b)(3) "protects materials prepared for *any* litigation . . . as long as they were prepared by or for a party to the subsequent litigation") (internal quotation omitted, emphasis in original).

Plaintiff's quest for disclosure focuses on Mr. Hammond's conduct of contacting the bankruptcy trustee to inquire "about the status of the bankruptcy case and to see if there was a path towards a resolution of the lawsuit," meaning this case. *See* Hammond Dep. 62:12-18, 82:1-5. Plaintiff contends this conduct should be considered post-litigation bad faith conduct by Defendant Lyndon Southern Insurance Company, acting through Mr. Hamond, that was part of a continued investigation of Plaintiff's insurance claim during the litigation and part of the insurer's bad faith conduct with respect to the claim. *See* Pl.'s Resp. Br. at 4, 7, 9-12, 15-16. At bottom, Plaintiff's position is: "Mr. Hammond was not performing legal work" but was "performing a business act in an attempt to save Defendants money." *Id.* at 17.[3]

The Court rejects Plaintiff's position regarding Mr. Hammond's work, which lacks pertinent factual and legal support and is inconsistent with bankruptcy practice. Mr. Gould, as the trustee of Plaintiff's no-asset, Chapter 7 bankruptcy estate, was responsible for evaluating and deciding how to resolve contingent claims against third parties, like the ones

---

[3] Plaintiff has also accused Mr. Hammond of unethical conduct as Defendants' attorney, allegedly having direct communications with Mr. Gould, as trustee of the bankruptcy estate and a party to this lawsuit, while the estate was represented by Plaintiff's attorney as special counsel for this case. Notably, Mr. Gould was authorized to act as the estate's attorney as well. *See In re Hammond*, Case No. BK-18-12615-SAH, Order Employing Attorney (Bankr. W.D. Okla. Sept. 12, 2018). However, because Plaintiff does not rely on any alleged ethical violation as a basis for authorizing discovery of privileged materials (*see* Pl.'s Resp. Br. at 7, 12), the Court need not consider this issue.

in this lawsuit. *See In re Hammond*, BK-18-12615, Pet. (Bankr. W.D. Okla. June 22, 2018) (listing assets of only exempt personal property and the claims in this case); *see also In re Kane*, 628 F.3d 631, 636-37 (3d Cir. 2010) (debtor's disclosure of "contingent assets such as causes of action pursued against another party . . . allows the trustee and the creditors to determine whether to pursue these assets on the creditors' behalf") (internal quotations and citations omitted); *Cadle Co. v. Mims* (*In re Moore*), 608 F.3d 253, 266 (5th Cir. 2010) ("In a "no-asset" case such as this, litigation claims represent the last prospect of recovery for the estate."). Mr. Gould was the logical person for Mr. Hammond to call to obtain information that would assist him in advising Defendants about how to proceed with the defense of this case. Plaintiff points to no facts or evidence suggesting that, when Mr. Hammond called Mr. Gould in November 2018, Mr. Hammond was engaged in investigating or adjusting an insurance claim rather than rendering legal services to Defendants with respect to this lawsuit.[4] In short, the Court finds that Plaintiff has presented nothing to suggest that Mr. Hammond was involved in a post-litigation, ongoing investigation of Plaintiff's insurance claim, as argued in her brief and at the hearing.

For these reasons, the Court finds no basis to deprive Defendants of the protections of the attorney-client privilege and the work-product doctrine for Mr. Hammond's work. Therefore, Defendants' Motion to Quash is GRANTED.

---

[4] Defendants admit that at some point, the original decision to deny Plaintiff's insurance claim was found to be mistaken due to evidence that Plaintiff's coverage was in effect at the time of the motor vehicle accident. However, Plaintiff points to no fact that would support her argument that Mr. Hammond was participating in any claim investigation or adjustment that was occurring at the relevant time.

**2.     Plaintiff's Motion to Compel Against Defendant Lyndon Southern Insurance Company** [Doc. No. 18], filed pursuant to Fed. R. Civ. P. 37(a).[5]

Upon review of the Motion and consideration of the parties' arguments, the Court finds as follows regarding documents requested by Plaintiff from Defendant Lyndon Southern Insurance Company ("Lyndon Southern"):

- <u>Request for Production No. 11</u> – Correspondence, contracts, and compensation of attorney Gary Hammond. Mr. Hammond's engagement letter and documents showing fees paid to him are not confidential communications. *See United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974); *see also United States v. Anderson* (*In re Grand Jury Subpoenas*), 906 F.2d 1485, 1492 (10th Cir. 1990). These documents may be relevant to a claim or defense and, therefore, are discoverable.[6] Other correspondence exchanged between Mr. Hammond and Lyndon Southern may contain confidential communications, and billing documents may reflect attorney work product. To withhold relevant documents from production, however, Lyndon Southern must produce a privilege log in compliance with Fed. R. Civ. P. 26(a)(5)(A).

---

[5] Although Plaintiff cites no procedural rule, his Motions are specifically authorized by Rule 37(a)(3)(B).

[6] In making its rulings, the Court is guided by Fed. R. Civ. P. 26(b)(1), which provides:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

- Request for Production No. 2 - Pre-contract promotional or sales materials provided to Lyndon Southern by Defendant Jupiter Managing General Agency, Inc. ("Jupiter") that preceded their business relationship. Defendants have produced copies of the relevant contracts, and have agreed to produce 30-day reports of accounting information regarding their relationship from 2015 to 2017. The Court finds this production is sufficient and proportional to Plaintiff's need for discovery about the issues in the case. Lyndon Southern need not produce any additional, "courtship" materials regarding its relationship with Jupiter.

- Request for Production No. 9 - Documents showing reinstatement fees received in Oklahoma since 2015. This request seeks information to support Plaintiff's claims against Jupiter related to cancellation notices and billing practices. Lyndon Southern represents that it did not charge, collect, or receive such fees. Plaintiff does not dispute this representation. The Court finds that, to the extent Lyndon Southern has any responsive documents, their production is not proportional to the needs of the case, considering the parties' relative access to the information and the importance of the documents to Plaintiff's action against Lyndon Southern.

- Requests for Production Nos. 13 and 14 – All first-party claims file log notes for Oklahoma automobile claims denied from 2015 to present,[7] and "financial snapshot" printouts for all Oklahoma insureds of Lyndon Southern from 2015 to present, with redactions of policyholders' names and personal identifiers. The

---

[7] The written request seeks all auto claim files, but Plaintiff's counsel limited it at the hearing to denied claims.

Court finds that these requests are overbroad, seeking information that is not relevant to a claim or defense and proportional to the needs of the case. Plaintiff argues that claims of other insureds, and Defendants' conduct with respect other insureds, is relevant to show a pattern or practice of engaging in similar conduct. *See* Pl.'s Mot at 10-12. However, Plaintiff does not allege in her pleading that Defendants engaged in a pattern or practice of misconduct that might warrant production of the requested information for all insureds of Lyndon Southern in Oklahoma with denied auto claims, even if limited to insureds who made first-party claims between January 2015 and July 2017 that, like Plaintiff's claim, were denied due to a lapse in coverage.[8] Within this limited time frame, Lyndon Southern has identified 6,573 claim files and has demonstrated that the cost to review the files for similar claims and print the log notes and financial snapshots, outweighs the likely benefit to Plaintiff, particularly considering the amount in controversy and importance of the discovery. The Court therefore finds that Lyndon Southern need not respond to these requests.

- <u>Request for Production No. 15</u> – Entire claim file for Plaintiff's insurance claim, including entries after August 25, 2017. Jupiter has produced the claim file compiled until August 24, 2017, when Plaintiff's claim was denied. Defendants

---

[8] Although Plaintiff does seek punitive damages (a fact on which some courts have relied to order the production of information regarding other insureds), she does not rely on a pattern of similar conduct to support this request, alleging only that punitive damages are warranted because Defendants' alleged conduct "is sufficiently egregious in nature." *See* Am. Pet. [Doc. No. 1-2], ¶¶ 31, 45, 60.

7

assert that documents or entries created after this date were prepared in anticipation of litigation and are protected by Rule 26(b)(3). It is clear, however, that claim investigation and adjustment activities did not cease with the initial denial; a final decision regarding Plaintiff's insurance claim was made after the lawsuit began. Although Defendants do not say when the change of position occurred, it plainly occurred during the pendency of the lawsuit.[9]

Under these circumstances, the Court finds that Defendants should be required to produce the portion of the insurance claim file that was compiled in reaching a final coverage decision, absent a more specific claim of protection. The work product doctrine does not apply to documents prepared in the regular course of business. *See Intervenor v. United States* (*In re Grand Jury Proceedings*), 156 F.3d 1038, 1042 (10th Cir. 1998); *Lindley v. Life Inv'rs Ins. Co.*, 267 F.R.D. 382, 394 (N.D. Okla. 2010) (Cleary, Mag. J.), *aff'd in relevant part*, No. 08-CV-379-CVE-PJC, 2010 WL 1741407, *4 (N.D. Okla. April 28, 2010). Some post-litigation communications or documentation of claim-specific tasks may reflect routine business matters involved in processing Plaintiff's insurance claim. Further, the burden falls on a party withholding relevant materials to describe the nature of the documents or communications withheld and make a claim of

---

[9] Lyndon Southern first denied coverage in its answer filed January 11, 2018, but on March 11, 2019, Defendants stated in answer to the Amended Petition that the denial had been "withdrawn," that Lyndon Southern breached the contract by denying the claim, and that "the claim should have been handled differently." *See* Pl.'s Notice Pending Mots., Ex. 1 [Doc. No. 4-1], Answer ¶¶ 10, 15, 21, 22.

protection with sufficient particularity to enable Plaintiff and the Court to assess the claim. *See* Fed. R. Civ. P. 26(b)(5)(A). Therefore, the Court finds that Lyndon Southern should be ordered to produce the entire claim file unless it provides a privilege log that justifies the withholding of particular documents or portions of documents from production.[10]

3. **Plaintiff's Motion to Compel Against Defendant Jupiter Managing General Agency, Inc.** [Doc. No. 20], filed pursuant to Fed. R. Civ. P. 37(a).

Upon review of the Motion and consideration of the parties' arguments, the Court finds as follows regarding documents requested by Plaintiff from Jupiter:

- <u>Requests for Production Nos. 11 and 12a (misnumbered)</u> - "Financial snapshot" printouts for all Oklahoma insureds of Lyndon Southern from 2015 to present and all Oklahoma insureds (of insurers other than Lyndon Southern) from 2012 to 2017, with redactions of policyholders' names and personal identifiers. For the reasons state *supra* with regard to similar requests directed to Lyndon Southern, the Court finds that Jupiter need not respond to these requests.

- <u>Interrogatory No. 17 and Request for Production No. 7</u> – Information regarding the number of cancellation letters or coverage lapse notices sent to Oklahomans insured by Lyndon Southern, and documents showing the amounts charged and

---

[10] If a claim of protection is asserted as to only part of document, then a redacted version of the document should be produced with a corresponding privilege log entry stating the basis for the redaction.

received for "Reinstatement Fees" from Oklahomans insured by Lyndon Southern, from 2015 to present.

Unlike requests regarding "financial snapshots," the Court finds that the information and documents sought by these requests are relevant to some of Plaintiff's claims and should be produced. Plaintiff alleges that Jupiter repeatedly sent her premature notices of cancellation (before a premium payment deadline had been missed) and, on each occasion, proceeded to wrongfully cancel her policy and assess a reinstatement fee. Based on this claim, the Court finds that the total number of cancellation letters or lapse notices, or the total amount of reinstatement fees that Jupiter received from insureds like Plaintiff, who allegedly were over-assessed fees that were not owed in order to maintain insurance coverage from Lyndon Southern, is relevant to her claims and request for punitive damages. The Court further finds that Jupiter should be required to provide information or documents showing the amount of reinstatement fees charged and received from Oklahoma insureds of Lyndon Southern from April 2016 to July 2018.[11]

Defendants' counsel suggested during the hearing that the financial information sought by Plaintiff might be available through an accounting report or other computer-generated report that could be created without reviewing individual account files. Due to the potential burden of such a review, Jupiter will be permitted to provide responsive financial information to Plaintiff through the

---

[11] Plaintiff alleges that Jupiter's wrongful conduct toward her occurred between April 2017 through July 2017.

production of an accounting or other report from which the relevant information can be obtained. Otherwise, Jupiter must produce to Plaintiff the information and documents responsive to these discovery requests, as limited by the Court's ruling with respect to the relevant time period.

- <u>Interrogatory No. 18 and Request for Production No. 8</u> – These discovery requests seek the same information and documents discussed immediately above (regarding cancellation letters sent and reinstatement fees received by Jupiter) for other Oklahoma insureds, that is, persons who were not insured by Lyndon Southern. The Court finds that these discovery requests seek information that is not relevant to any claim or defense in this case, and no response is required.

- <u>Request for Production No. 2</u> - Pre-contract promotional or sales materials provided by Jupiter to Lyndon Southern that preceded their business relationship. For the same reasons stated *supra* regarding the same request directed to Lyndon Southern, the Court finds the production made is sufficient and proportional to Plaintiff's need for discovery and Jupiter need not produce any additional, "courtship" materials regarding its relationship with Lyndon Southern.

- <u>Request for Production No. 12b (misnumbered)</u> – Documents or communications received from Oklahoma insureds who objected to, complained about, or contacted Jupiter concerning its determination of an auto insurance claim from 2015 to 2017.[12] Jupiter disputes the relevance and proportionality of this request.

---

[12] As written, the document request contained no time limit, but Plaintiff subsequently offered to add the stated time frame.

Jupiter points out that the request is not limited to Lyndon Southern insureds or collision claims like Plaintiff's, and Jupiter provides evidence that responding to this request would require a review of 6,573 claim files for only Lyndon Southern insureds from January 2015 to July 2017.

Upon consideration, the Court finds that Jupiter's objection is ill-founded. What Plaintiff is asking for in this request, perhaps inartfully, is documents showing other insureds who complained about Jupiter's determination of their auto insurance claims. This request seeks relevant information that Oklahoma law requires insurers to keep in the form of a complaint register, that is, "a complete record of all complaints which it has received during the preceding three (3) years." *See* Okla. Stat. tit. 36, § 1250.5(14).[13] This record must include a complaint's "classification by line of insurance, the nature of each complaint, the disposition of each complaint, and the time it took to process each complaint." *Id*. Thus, the Court is not persuaded by Jupiter's argument that it will need to review thousands of claim files of Lyndon Southern insureds to produce documents that would satisfy Plaintiff's request. The required complaint register (if properly kept) will show other persons who purchased auto insurance of the type issued to Plaintiff and who expressed similar grievances about Jupiter's handling and denial of loss claims. Therefore, the Court finds that Jupiter should be required to

---

[13] For this purpose, "'complaint' means any written communication primarily expressing a grievance." *Id*.

produce the complaint register for Lyndon Southern insureds for 2016 and 2017. If no register has been maintained, Jupiter will need to produce other documents responsive to this request, and the burden of such production will properly fall on Jupiter, which was responsible for administering and processing claims for Lyndon Southern.

IT IS THEREFORE ORDERED that Defendants' Motion to Quash Deposition Duces Tecum [Doc. No. 16] is GRANTED, that Plaintiff's Motion to Compel Against Defendant Lyndon Southern [Doc. No. 18] is GRANTED in part and DENIED in part as set forth herein, and that Plaintiff's Motion to Compel Against Defendant Jupiter Managing General Agency, Inc. [Doc. No. 20] is GRANTED in part and DENIED in part as set forth herein. The additional production required by this Order shall occur within 30 days from the date of this Order.

IT IS SO ORDERED this 18th day of November, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge